# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **CV 08-0237-VAP (RNB)**                               Date: **September 10, 2008**

Title: **Lamont Doe v. The Los Angeles Police Department, et al.**
==================================================================
**DOCKET ENTRY**
==================================================================
PRESENT:

**HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE**

| Kerri Glover | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:
   None Present                                                            None Present

**PROCEEDINGS:   (IN CHAMBERS)**

**Defendants' "Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim for Relief, or in the Alternative, Motion for Stay**

      Although defendants City of Los Angeles and Los Angeles Police Department have styled their filing as a Motion to Dismiss and have cited the Rule 12(b)(6) standard, nowhere in the Motion do defendants actually argue that any of the 14 causes of action alleged in plaintiff's First Amended Complaint fail to state a claim on which relief may be granted.  The Court therefore construes defendants' Motion solely as (a) a motion to stay the proceedings pending the resolution of plaintiff's pending criminal proceeding pursuant to Cal. Gov't Code § 945.3 and <u>Wallace v. Kato</u>, 594 U.S. 384, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) and (b) a motion to stay the proceedings as to defendant Green pursuant to 50 U.S.C. § 521.

      In the Court's view, defendants' reliance on Cal. Gov't Code § 945.3 is completely misplaced since the Court does not construe the First Amended Complaint as alleging any state law claims.  However, the Court does construe the First Amended Complaint as encompassing claims of false arrest that relate to the pending criminal proceedings.  Accordingly, plaintiff is ordered to advise the Court whether he is opposed to a stay of the proceedings pending the resolution of his criminal proceeding in a response to the Motion that plaintiff is ordered to serve and file on or before September

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: CV 08-0237-VAP (RNB)                                            **September 10, 2008**

   **Lamont Doe v. The Los Angeles Police Department, et al.**             **Page 2**

---

23, 2008.

     Plaintiff need not respond to defendants' motion to stay as to defendant Green pursuant to 50 U.S.C. § 521. In the first place, the Court does not construe the filing of the Motion as a general appearance by defendants' counsel on behalf of defendant Green. Second, defendants have not even purported to make the requisite showing for a stay under 50 U.S.C. § 521(d)(1) or (2). Third, plaintiff does not claim to have effectuated service on defendant Green, so there is no prospect of defendant Green's default being taken.

     If plaintiff opposes a stay pending the resolution of his criminal proceeding, defendants may serve and file a response to plaintiff's opposition on or before September 30, 2008. The matter will then be taken under submission and decided on the papers without oral argument. <u>See</u> Local Rule 7-15. Accordingly, the hearing noticed for September 30, 2008 is ordered off calendar.

MINUTES FORM 11                                                               Initials of Deputy Clerk     klg
CIVIL-GEN