## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.  **CV 07-1403-VAP (RNB)**          Date  December 9, 2008
          **CV 08-0237-VAP (RNB)**

Title  **Jane Doe v. The City of Los Angeles, et al.**
       **Lamont Doe v. The Los Angeles Police Department, et al.**

Present: The Honorable   Robert N. Block, United States Magistrate Judge

| Kerri Glover | n/a | CourtSmart |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jane Doe<br>Lamont Doe | Surekha A. Pessis |

**Proceedings:**        (CONSOLIDATED STATUS CONFERENCE)

Case called.  Plaintiffs Jane Doe and Lamont Doe make their pro per appearances. Counsel for defendants in both cases makes her appearance.

The Court first addresses the fictitious name issue that came up at the September 16, 2008 hearing.  After hearing from the parties, the Court advises that it will reserve ruling on whether Jane Doe has a right to prosecute Case No. CV 07-1403-VAP (RNB) using a fictitious name as opposed to her true name.  However, in Case No. CV 08-0237-VAP (RNB), the clerk is directed to change the caption to reflect plaintiff's true name, Christian Curry, and the parties are ordered to refer to plaintiff by his true name in all future filings.

After affording all parties the opportunity to be heard on whether the temporary stay of proceedings should be extended, the Court rules that the temporary stay is lifted in both cases.

The Court orders that both cases shall be deemed consolidated for purposes of discovery.

At suggestion of defendants' counsel, the Court orders the parties to conduct a telephonic Rule 26(f) conference on January 16, 2009 at 10:00 a.m.  No later than fourteen (14) days in advance of that date, defendants' counsel will send e-mail or letter to plaintiffs specifying those defendants that she believes plaintiffs ought to be willing to voluntarily dismiss and/or those causes of action that she believes plaintiffs ought to be willing to voluntarily withdraw.  The Court orders the parties to file a separate Rule 26(f) report for each case no later than January 30, 2009.  The Rule 26(f) reports should include a discussion of how the parties propose to resolve any issues arising out of the existence of the Non-Disclosure Stipulation and Protective Order issued in Mr. Curry's criminal proceeding. January 30, 2009 shall also be the deadline for the parties to comply with their initial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

disclosure obligations under Fed. R. Civ. P. 26(a)(1). If plaintiffs withhold the identity of any witnesses or withhold any documents based on their belief that the Non-Disclosure Stipulation and Protective Order requires them to do so, they should so indicate in their disclosure statements.

The Court also addresses the service of process issue in Case No. CV 08-0237-VAP (RNB). The Court notes that there is one defendant for whom plaintiff Curry purported to file a proof of service of the First Amended Complaint who has not yet appeared in the action: Raymond Conboy. Defendants' counsel advises that the failure to include Mr. Conboy in defendants' Answer to the First Amended Complaint may have been inadvertent. She will follow up on this. The Court further notes that there are six defendants named in the First Amended Complaint who have not yet appeared in the action and for whom no proofs of service of the First Amended Complaint have been filed: Ruth Hawkins Yu, Jeanne Harris, Michael Oppelt, Silvana Yniguez, Sean Murtha, and Chief Bratton. While the deadline for serving Chief Bratton technically will not run until December 11, 2008, the deadline for serving the other five defendants (each of whom was named in plaintiff Curry's original Complaint) was September 10, 2008. Plaintiff Curry advises that he might be willing to voluntarily dismiss Chief Bratton, who only was named in his official capacity. As to the other five defendants, January 30, 2009 shall also be the deadline for plaintiff Curry to either (a) file a notice of voluntary dismissal, (b) file proofs of service evidencing that service of the summons and First Amended Complaint was effectuated on them on or before September 10, 2008, or (c) show good cause in writing, if any exists, why they should not be dismissed for lack of prosecution.

For the parties' information, the case to which the Court was referring at the status conference is <u>Devenpeck v. Alford</u>, 543 U.S. 146, 153-54, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004) (holding that where there is probable cause to arrest for any crime, the arrest does not violate the Fourth Amendment, whether or not that crime was actually charged).


cc:    Judge Phillips


|                | 1 : 27 |
|----------------|--------|
| Initials of    |        |
| Preparer       |        |