UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1403-VAP (RNB)<br>CV 08-0237-VAP (RNB) | Date | August 25, 2009 |
|---|---|---|---|
| Title | Jane Doe v. The City of Los Angeles, et al.<br>Christian Curry v. The Los Angeles Police Department, et al. | | |

| Present: The Honorable | Robert N. Block, United States Magistrate Judge | |
|---|---|---|
| Kerri Glover | n/a | CourtSmart |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jane Doe<br>Christian Curry | Surekha A. Pessis |

**Proceedings:**   (LAW AND MOTION CALENDAR)

### <u>Plaintiff Curry's Motion to Compel Depositions, etc.</u>

Case called. Plaintiffs Curry and Jane Doe make their pro per appearances. Counsel for defendants in both cases makes her appearance.

The Court first addresses the inappropriate behavior that each side alleges the other side engaged in at the depositions. The Court advises that the parties have left it with no choice but to intervene and impose the following strict conditions that will apply to the remaining depositions to be taken in this matter:

      1.    All remaining depositions will take place in the Santa Ana courthouse in one of the witness rooms adjacent to Courtroom 6D, on dates to be precleared with the courtroom deputy, and will commence at 9:30 a.m. This means that all party witnesses will need to be noticed to appear and all non-party witnesses will need to be subpoenaed to appear at 9:15 a.m., at which time the case will be called and the Court will take the bench. Anyone who is not here when the Court takes the bench at 9:15 a.m. will be monetarily sanctioned. And, if the examiner is not here on time, the witness will be excused and the right to take that deposition will be deemed forfeited.

      2.    All remaining depositions will be videotaped by a professional videographer, with one camera trained on the witness and one camera trained on the examiner. The costs of the videotaping will be borne by the party taking the deposition.

      3.    The Court will expect both sides to act civilly and professionally during the depositions. This means that the examiner must remain seated while he or she asks questions; that no profanity is used; that no threats are made; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1403-VAP (RNB)<br>CV 08-0237-VAP (RNB) | Date | August 25, 2009 |
|---|---|---|---|
| Title | Jane Doe v. The City of Los Angeles, et al.<br>Christian Curry v. The Los Angeles Police Department, et al. | | |

that no speeches are given. If during the course of any deposition, either party believes that the opposing party or the witness is engaging in inappropriate behavior, the deposition should be adjourned so that the Court will be able to review the videotape and make a determination. If the Court determines that the examining party is the one who is engaging in appropriate behavior, the Court will terminate the deposition. If the Court determines that the defending party or the witness is the one who is engaging in inappropriate behavior, the Court will impose appropriate monetary or other sanctions.

The Court proceeds to discuss various issues raised in plaintiff Curry's motion to compel, in an effort to provide the parties with some guidance prior to their meeting and conferring further. The Court advises of its intent to grant plaintiffs' request to extend the discovery cutoff date to February 1, 2010 (and also extend the other case management dates). The Court then takes a recess. When the case is recalled at approximately 1:00 p.m., the following takes place:

A.   The depositions being sought by plaintiffs

The parties advise that plaintiffs no longer is interested in taking Officer Murtha's deposition and no longer requesting additional time with Officer Yu or Officer Padilla; and that plaintiffs will be reconsidering their request for additional time with Officer Torres.

To resolve the dispute over whether plaintiffs should be afforded additional time with Officer Fillmore, the Court instructs plaintiffs to review the deposition transcript for the purpose of trying to come up with five instances in which they believe they were prevented by defendants' counsel from being able to pursue lines of inquiry relevant to plaintiff Jane Doe's claims. If plaintiffs can come up with five such instances, plaintiffs will set forth those instances (by page and line numbers) in a letter to defendants' counsel. The Court advises that, if defendants' counsel is able to "rebut" at least three of the five instances, it is unlikely that the Court will order the resumption of Officer Fillmore's deposition. However, if the parties cannot resolve the dispute themselves over the resumption of Officer Fillmore's deposition, they will need to present their respective positions in a Joint Stipulation.

With respect to the remaining depositions being sought by plaintiffs, the Court advises that each side will be limited to twenty depositions. Since plaintiffs already have used up fifteen of their allotment, plaintiffs will need to make a determination and then notify defendants' counsel of the other five depositions they desire to take. The Court instructs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1403-VAP (RNB)<br>CV 08-0237-VAP (RNB) | Date | August 25, 2009 |
|---|---|---|---|
| Title | Jane Doe v. The City of Los Angeles, et al.<br>Christian Curry v. The Los Angeles Police Department, et al. | | |

plaintiffs to do so within the next thirty days. Defendants' counsel agrees to cooperate in the matters of scheduling and service of non-party deponents.

    B.    <u>Plaintiff Curry's Document Production Requests</u>

Defendants' counsel agrees to try to determine from the station logs and other police records the identities of the other arrestees who were present at the police station at the same time as Jane Doe. The relevant time frame is between 3:00 a.m. and 5:00 a.m. This information will then be disclosed to plaintiffs under the terms of a protective order.

The Court instructs plaintiffs to send defendants' counsel a letter specifying the other categories of documents that plaintiffs believe they are entitled to the production of, after taking into account the Court's comments about how the Court likely would rule on various of the objections/privileges asserted by defendants, if the parties are unable to resolve themselves their disputes over the document production requests. If any disputes cannot be resolved, the parties will need to present their respective positions in a Joint Stipulation on a category by category basis. However, if the same issue applies to multiple categories (e.g., defendants' entitlement to withhold production on the basis of the official information privilege), the parties need only state their positions with respect to each such issue once.

    C.    <u>Case Management Deadlines</u>

After discussing with the parties various issues relating to the remaining discovery, expert witnesses, and prospective summary judgment motions, the Court grants plaintiffs' request to extend the case management deadlines. The new deadlines will be as follows:

    February 1, 2010    Cutoff date for non-expert discovery
    February 1, 2010    Deadline for simultaneous disclosure of expert reports
    March 3, 2010    Deadline for disclosure of expert rebuttal reports
    April 2, 2010    Cutoff date for expert discovery
    May 3, 2010    Cutoff date for filing of substantive motions

cc:    Judge Phillips

    1 : 00

Initials of Preparer    klg